NOT FOR PUBLICATION                                    (Document No. 11, 12, 24)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

_____

WAYNE WOODALL,                        :
                                      :
                Plaintiff,            :         Civil No. 09-4975 (RBK/JS)
                                      :
        v.                            :         **OPINION**
                                      :
HONORABLE GEORGE F. GEIST,            :
SAMUEL GAYLORD, and                   :
MARGOLIS EDELSTEIN,                   :
                                      :
                Defendants.           :
_____     :

**KUGLER**, United States District Judge:

        This matter arises out of alleged deprivation of Workers' Compensation benefits.

Presently before the Court is 1) the Motion to Dismiss pursuant to Federal Rule of Civil

Procedure 12(b)(1) by Defendant Samuel Gaylord (Doc. No. 11), 2) the Motion to Dismiss

pursuant to Rule 12(b)(1) and 12(b)(6) by Defendant the Honorable George F. Geist (Doc. No.

12), and 3) Plaintiff's Motion to Expedite the Complaint (Doc. No. 24).  For the reasons

discussed below, the Court grants both Motions to Dismiss.  Further, the Court sua sponte

dismisses the remaining Defendant, Margolis Edelstein, for lack of jurisdiction.  The Motion to

Expedite the Complaint is dismissed as moot.

## I.    BACKGROUND

        Plaintiff, proceeding pro se, filed the one page Complaint and several pages of

1

attachments on September 27, 2009.  Exactly what is alleged to have happened is woefully

unclear on the face of the pleading.  As far as the Court can determine from the Complaint and

the attached documents, Plaintiff alleges as follows.

Plaintiff was injured on December 17, 2001 in a workplace accident while employed at

National Auto Dealers.  He was diagnosed with impingement syndrome in his left shoulder and

had four and a half years of physical therapy before undergoing surgery.  What happened after is

less certain.

Plaintiff seemingly filed a Workers' Compensation petition with the New Jersey

Department of Labor & Workforce Development, Division of Workers' Compensation.  At some

point, Plaintiff was represented by attorney Samuel Gaylord and National Auto Dealers was

represented by the law firm of Margolis Edelstein.  At some other point (before or after

Plaintiff's representation by Gaylord), Plaintiff settled his claims.  Administrative Law Judge

George F. Geist's role in this dispute seems to be that he presides over ongoing litigation over the

settlement within the Department of Labor.

Plaintiff's claim appears to be that he is not receiving payments for his injury.  He claims

some sort of poor representation by Gaylord and a refusal by Margolis Edelstein and Judge Geist

to follow the Workers' Compensation laws.  Under exactly what causes of action he believes he

is entitled to relief is not stated.  Moreover, the Complaint on its face does not state the basis for

this Court's jurisdiction.  However, the attached Civil Cover Sheet suggests a U.S. Government

defendant (of which there are none) and states that the civil action seeks relief under 42 U.S.C. §

1983; 18 U.S.C. §§ 241, 242, 246; and 28 U.S.C. § 1441.

Defendant Margolis Edelstein answered the Complaint on November 2, 2009.  Gaylord

moved to dismiss on November 10, 2009, and Judge Geist followed suit on November 19, 2009.

Plaintiff filed a letter response to the Motions on November 25, 2009.

## II.     STANDARD

Pursuant to Federal Rule of Civil Procedure 12(b)(1), a complaint or portions of a

complaint may be dismissed for lack of subject matter jurisdiction.  A motion to dismiss for lack

of subject matter jurisdiction may be brought at any time and may either (1) "attack the

complaint on its face" or (2) "attack the existence of subject matter jurisdiction in fact, quite

apart from any pleadings."  Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d

Cir. 1977).  In a facial attack, all allegations in the complaint are considered true; whereas in the

second type of attack, the court does not presume the truth of the allegations and "the trial court

is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case."

Id.  In such a case, "the court can consider affidavits attached to the moving papers or even

require such affidavits to be submitted."  New Hope Books, Inc. v. Farmer, 82 F. Supp. 2d 321,

324 (D.N.J. Jan. 13, 2000) (citing Growth Horizons, Inc. v. Delaware County, Pa., 983 F.2d

1277, 1281 n.4 (3d Cir. 1993)).  Furthermore, the plaintiff has the burden of proving that the

court has subject matter jurisdiction.  Mortensen, 549 F.2d at 891.  If a court lacks subject matter

jurisdiction, it must dismiss the case without prejudice.  In re Orthopedic "Bone Screw" Prod.

Liab. Litig., 132 F.3d 152, 155-56 (3d Cir. 1997).

Alternatively, under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss an

action for failure to state a claim upon which relief can be granted.  With a motion to dismiss,

"'courts accept all factual allegations as true, construe the complaint in the light most favorable

to the plaintiff, and determine whether, under any reasonable reading of the complaint, the

plaintiff may be entitled to relief.'" <u>Fowler v. UPMC Shadyside</u>, 578 F.3d 203, 210 (3d Cir.

2009) (quoting <u>Phillips v. County of Allegheny</u>, 515 F.3d 224, 233 (3d Cir. 2008)).  In other

words, a complaint survives a motion to dismiss if it contains sufficient factual matter, accepted

as true, to "state a claim to relief that is plausible on its face." <u>Bell Atlantic Corp. v. Twombly</u>,

550 U.S. 544, 570 (2007).

## III.    DISCUSSION

The Court must first begin by construing the Complaint as reasonably as possible under

the circumstances.  At base, Plaintiff seems to allege the following causes of action: 1) legal

malpractice (against Gaylord); 2) breach of contract (against Gaylord and/or Margolis Edelstein);

and 3) deprivation of property without due process of the law, actionable under 42 U.S.C. §

1983[1] (against Gaylord, Margolis Edelstein, and Judge Geist).  It is this latter claim that perhaps

forms the basis for this Court's original jurisdiction pursuant to 28 U.S.C. § 1331 or 28 U.S.C. §

1343, and the two former claims are perhaps appropriately here under the Court's supplemental

jurisdiction pursuant to 28 U.S.C. § 1367.

### A.    The § 1983 Claim

Judge Geist argues that the claims against him (which the Court interprets to be only

one–the § 1983 claim) should be dismissed on any one of several grounds: 1) Younger

abstention, 2) sovereign immunity, 3) he is not a person under § 1983, and 4) absolute judicial

---

[1] Plaintiff's attempt to assert relief under 18 U.S.C. §§ 241, 242, and 246 is misplaced as those penal statutes do not supply a private cause of action.  Plaintiff's claim for deprivation of protected property rights is appropriately asserted under 42 U.S.C. § 1983.  <u>See</u> <u>Gass v. N.J. Div. of Youth & Family Servs.</u>, No. 09-928, 2009 WL 2878456, at *1 n.2 (D.N.J. Sept. 2, 2009), <u>aff'd</u>, No. 09-3737, 2010 WL 939908 (3d Cir. Mar. 17, 2010).

Likewise, Plaintiff cannot seek relief under 42 U.S.C. § 1441 as that statute merely discusses removal of state court actions, and does not provide grounds for relief.

immunity.  Geist br. at 10-29.  Gaylord asserts that the claims against him should be dismissed

for lack of subject matter jurisdiction pursuant to Rule 12(b)(1).  He argues that the Court does

not have jurisdiction under 28 U.S.C. § 1332 because the parties are not diverse (he is a citizen of

New Jersey as is Plaintiff), and he argues jurisdiction does not arise under § 1331 because

Plaintiff has only alleged state law causes of action under the Workers' Compensation laws.

Gaylord br. at 2.  Gaylord does not address a potential § 1983 cause of action for loss of property,

nor does he address potential supplemental jurisdiction under § 1367.  Plaintiff responds to both

Motions by essentially arguing that he is entitled to benefits, though, as with his Complaint, he

does not allege the basis for jurisdiction.  Pl. br. at 1.  The Court finds that the § 1983 claim is

barred as against Judge Geist, and cannot be sustained against either Gaylord or Margolis

Edelstein since they are not state actors.  The Court grants both Motions and sua sponte

dismisses the claims against Margolis Edelstein.

　　　　Because the § 1983 claim forms the only basis for jurisdiction (either under § 1331 or §

1343), the analysis must begin there.  A plaintiff may have a cause of action under 42 U.S.C. §

1983 for certain violations of his or her constitutional rights.  Section 1983 provides in relevant

part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of
> any State or Territory . . . subjects, or causes to be subjected, any citizen of the United
> States or other person within the jurisdiction thereof to the deprivation of any rights,
> privileges, or immunities secured by the Constitution and laws, shall be liable to the party
> injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

Thus, to establish a violation of 42 U.S.C. § 1983, a plaintiff must demonstrate that the

challenged conduct was committed by 1) a person acting under color of state law and 2) that the

conduct deprived him of rights, privileges, or immunities secured by the Constitution or laws of

the United States.  See Piecknick v. Commonwealth of Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir.1994).

The color of state law element in a section 1983 action requires that "the conduct allegedly causing the deprivation of a federal right [must] be fairly attributable to the State." Lugar v. Edmonson Oil Co., 457 U.S. 922, 937 (1982).  For the conduct to be "fairly attributable" to the State, 1) the deprivation must be caused by a) the exercise of some right or privilege created by the State or b) by a rule of conduct imposed by it or by a person for whom the State is responsible, and 2) the defendant must be a person who may fairly be said to be a state actor, either because the person a) is a state official, b) acted together with or has obtained significant aid from state officials, or c) performed conduct otherwise chargeable to the State. See id. at 936-39.

The Supreme Court has articulated several instances where a private party's actions may be fairly attributed to state action, including when: 1) it results from the State's exercise of "coercive power"; 2) the State provides significant encouragement, either overt or covert; 3) a private actor operates as a willful participant in joint activity with the State or its agents; 4) a nominally private entity is controlled by an agency of the State; 5) a private entity has been delegated a public function by the State; or 6) the private entity is entwined with governmental policies, or the government is entwined in its management or control.  See Brentwood Acad. v. Tenn. Secondary Sch. Ath. Ass'n, 531 U.S. 288, 296 (2001) (internal quotations and citations omitted).  A court deciding whether a particular action or course of action by a private party is governmental in character must examine several factors: 1) the extent to which the actor relies on governmental assistance and benefits; 2) whether the actor is performing a traditional public

function; and 3) whether the injury caused is aggravated in a unique way by the incidents of governmental authority.  See Edmonson v. Leesville Concrete Co., 500 U.S. 614, 621 (1991). Thus, "the under-color-of-state-law element of § 1983 excludes from its reach 'merely private conduct, no matter how discriminatory or wrongful,'" American Mfrs. Mutual Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999) (quoting Shelley v. Kraemer, 334 U.S. 1, 13 (1948)), and state action only exists where the conduct allegedly causing the deprivation of a federal right is "fairly attributable to the State."  Lugar, 457 U.S. at 937.

**B.     Gaylord**

Plaintiff's claim against Gaylord clearly fails under the above standards.  He has in no way pled, nor can the Court conceive of any circumstances under which he could plead, that Gaylord was a state actor.  Indeed, generally a private attorney is not a state actor for § 1983 purposes.  See Steward v. Meeker, 459 F.2d 669, 669 (3d Cir. 1972).  The § 1983 claim against him cannot be sustained.  Therefore, since Plaintiff has not alleged a claim over which this Court has original jurisdiction, and since the only basis for the Court's jurisdiction over the state law claims (legal malpractice and breach of contract) was possibly § 1367, Gaylord's Motion to Dismiss for lack of subject matter jurisdiction must be granted.[2]

**C.     Judge Geist**

The same result cannot be reached as to Judge Geist.  As a judge within the Department of Labor, he clearly was acting under the color of state law.  Notwithstanding, Judge Geist argues that either he is immune from suit or the § 1983 claim is otherwise barred.  One of his defenses

---

[2] This Opinion does not preclude Plaintiff from re-filing his state law claims in state court.  They are merely dismissed here without prejudice for lack of subject matter jurisdiction.

(and the only one the Court addresses since it is independently sufficient to dismiss this suit) is that he is not a "person" under § 1983.  The Court agrees.

A suit against a state official in his official capacity is a suit against his office, and therefore amounts to a suit against the state itself.  Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989).  Neither a state nor its officials acting in their official capacities are "persons" subject to suit under § 1983.  Id.  Plaintiff's claim here is against Judge Geist for actions taken in his official capacity.  For those actions, he is not a person within § 1983, and Plaintiff's claim against him must be dismissed.  Cf. Hogg's v. New Jersey, No. 07-2972, 2008 WL 5272372, at *8 (D.N.J. Dec. 16, 2008) (holding New Jersey Department of Labor and Division of Workers' Compensation are not "persons" under § 1983), aff'd 352 Fed. Appx. 625 (3d Cir. 2009), cert. denied, 130 S. Ct. 1304 (2010).  Therefore, the Court grants Judge Geist's Motion to Dismiss.

**D.    Margolis Edelstein**

Finally, although Margolis Edelstein has not moved to dismiss, dismissal of this entire action is warranted.  Margolis Edelstein is not a state actor and the Court cannot conceive of any facts under which a firm for a private party defendant in a  state court proceeding could be a state actor, at least not under the circumstances of this case.  Thus, as with Defendant Gaylord, the Court has no basis for jurisdiction over the claims against Margolis Edelstein.  Even though this Defendant has not moved for dismissal, the Court can sua sponte dismiss under Rule 12(h)(3) where it appears jurisdiction is lacking.  Such is the appearance here, and therefore the Court dismisses the claims against Margolis Edelstein for lack of jurisdiction.[3]

---

[3] While normally this Court liberally grants pro se litigants leave to amend deficient pleadings, such leave is not warranted here as any amendment would be futile.  See Gen. Refractories Co. v. Fireman's Fund Ins. Co., 337 F.3d 297, 309 (3d Cir. 2003).  Plaintiff has not

## IV.     CONCLUSION

For the foregoing reasons, the Court **GRANTS** the Motion to Dismiss by Defendant Samuel Gaylord and **DISMISSES WITH PREJUDICE** the § 1983 claim and **DISMISSES WITHOUT PREJUDICE** the state law claims.  The Court **GRANTS** the Motion to Dismiss by Defendant Judge Geist.  The Court sua sponte **DISMISSES WITH PREJUDICE** the § 1983 claim against Margolis Edelstein and **DISMISSES WITHOUT PREJUDICE** the state law claims.  Plaintiff's Motion to Expedite the Complaint is **DISMISSED AS MOOT**.  An appropriate Order shall follow.


Date:___5/5/10_____                                      __/s/ Robert B. Kugler____
                                                            ROBERT B. KUGLER
                                                            United States District Judge

---

and cannot allege subject matter jurisdiction over any of the claims against Gaylord or Margolis Edelstein, and the § 1983 claim against Judge Geist cannot be fixed to make him a person under that statute.

   Because the entire civil action is otherwise dismissed, the Motion to Expedite the Complaint (whatever that Motion is intended to request) is dismissed as moot.